UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CHAD WATKINS,<br><br>      Petitioner,<br><br>      v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT,<br><br>      Respondent. | No. 1:25-cv-00273 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING PETITIONER'S REQUEST FOR ADA ADVOCATE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 5, 7) |

Raymond Chad Watkins is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2025, the magistrate judge issued findings and recommendations to dismiss the petition for writ of habeas corpus without prejudice based on *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 7.) On April 7, 2025, Petitioner filed timely objections. (Doc. 8.)

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the matter. Having carefully reviewed the case, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The objections are somewhat difficult to understand but do not meaningfully dispute the key conclusions of the findings and recommendations: that criminal proceedings remain ongoing in

1

state court and that the other *Younger* factors are satisfied.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on March 20, 2025 (Doc. 5) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
3. Petitioner's request for ADA advocate (Doc. 7) is **DENIED** as moot.
4. The Clerk of Court is directed to **CLOSE THE CASE**.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 22, 2025**

UNITED STATES DISTRICT JUDGE

2